IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KDC AGRIBUSINESS, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-10786 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 9, 2024, at 11:00 a.m. (ET)** |

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION
BY E&H REALTY FOR IMMEDIATE PAYMENT OF
LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3)(A)
AND TO FIX THE TIME FOR TRUSTEE TO ASSUME OR REJECT
LEASE OF 250 CANAL ROAD, FAIRLESS HILLS, PENNSYLVANIA**

George L. Miller, the chapter 7 trustee (the "Trustee") for the estates of KDC Agribusiness LLC, and its affiliated debtors in the above-captioned cases (collectively, the "Debtors"), by and through his undersigned counsel, hereby submits this objection (this "Objection") to the *Motion by E&H Realty for Immediate Payment of Lease Obligations Pursuant to 11 U.S.C. § 365(d)(3)(A) and to Fix the Time for Trustee to Assume or Reject Lease of 250 Canal Road, Fairless Hills, Pennsylvania* [D.I. 594] (the "Motion"). In support of this Objection, the Trustee respectfully states as follows:

**BACKGROUND**

1.  On June 16, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under Chapter 11 of the Bankruptcy Code.

2.  On November 30, 2023, the Court entered the *Order (I) Converting the Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code (II) Establishing a Bar Date for the*

---

[1] The debtors in these cases and the last four digits of their respective Employer Identification Numbers are: KDC Agribusiness LLC (2280), Do Good Chicken LLC (1523), Do Good Foods Facility Management LLC (3974), Do Good Foods Fort Wayne LLC (6909), Do Good Foods LLC (9976), Do Good Foods Managed Services LLC (4214), Do Good Foods Selma LLC (3776) and KDC Agribusiness Fairless Hills LLC (8680).

24221681 v1

*Filing of Final Fee Applications for Chapter 11 Professionals and Setting a Hearing Thereon, and (III) Granting Related Relief* [D.I. 514] (the "Conversion Order"), thereby converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code. The same day, George L. Miller was appointed as interim chapter 7 trustee [D.I. 515].

3. Debtor KDC Agribusiness Fairless Hills LLC is the tenant under a lease for certain real property (the "Fairless Hills Lease") located at 250 Canal Road, Fairless Hills, Pennsylvania (the "Fairless Hills Property"). E&H Realty is the landlord under the Fairless Hills Lease.

4. On March 12, 2024, E&H Realty filed the Motion, thereby requesting that the Court enter an order (1) compelling the Trustee to immediately satisfy all outstanding rent that is purportedly due and owing under the Fairless Hills Lease and (2) establish April 30, 2024, as the deadline by which the Trustee must assume or reject the Fairless Hills Lease.

## **OBJECTION**

5. Contemporaneously with the filing of this Motion, the Trustee has filed his *Motion for Entry of an Order (I) Further Extending Deadline to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property Pursuant to Section 365(d)(1) of the Bankruptcy Code and (II) Extending Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* (the "Motion to Extend"). To avoid repetition, the Trustee hereby incorporates by reference the factual assertions and legal argument in the Motion to Extend as if fully set forth herein.

6. By his Motion to Extend, the Trustee seeks an order extending the time for the Trustee to assume, assume and assign, or reject any Executory Contracts, Personal/Residential

Leases, and Commercial Leases (each as defined in the Motion to Extend) – specifically including the Fairless Hills Lease – through and including June 30, 2024.

7.    As set forth in more detail in the Motion to Extend, the Trustee seeks this relief and hereby objects to E&H Realty's Motion because the Trustee presently requires more time to make a decision regarding the potential assumption or rejection of the Fairless Hills Lease, along with any remaining Executory Contracts, Personal/Residential Leases, and Commercial Leases to which any of the Debtors are party.  The "state-of-the-art" Fairless Hills Facility is one of the Debtors' primary assets and houses a significant amount of valuable equipment that the Trustee believes he may be able to monetize for the benefit of the Debtors' estates.  However, the Trustee requires more time to evaluate potential third party interest and determine the proper path forward, including negotiations regarding a path forward to fund these chapter 7 cases.  Accordingly, requiring the Trustee to immediately make that decision is unwarranted and, instead, an extension is appropriate.

8.    The Trustee notes that, by its Motion, E&H Realty asks that this Court set April 30, 2024, as the date by which the Trustee must make this decision, which reflects an approximately 30 day extension of the 120 day deadline established by section 365(d)(4) of the Bankruptcy Code. The Trustee is obviously agreeable to that extension, and is optimistic that he will be in a position to make a decision regarding the assumption or rejection of the Fairless Hills Lease by April 30th. However, by his Motion to Extend, the Trustee is requesting that the Court grant the Trustee the additional 60 days contemplated by section 365(d)(4) of the Bankruptcy Code out of an abundance of caution.

9.    However, the Trustee primarily objects to E&H Realty's request that the Trustee immediately remit any and all rent that is purportedly due and owing under the Fairless Hills Lease

3

at this time. This Court has the discretion to determine the timing of the payment of administrative expense claims. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing cases). As set forth in the *Omnibus Limited Objection and Reservation of Rights of Chapter 7 Trustee to Final Fee Applications of Chapter 11 Professionals* [D.I. 560] (the "Fee Objection"), there are millions of dollars in chapter 11 administrative expense claims asserted by creditors in these cases. The Trustee also anticipates that there will be other chapter 7 administrative expense claims asserted by creditors other than E&H Realty.

10. As set forth in the Motion to Extend, the Trustee has been in discussions with various stakeholders that could facilitate the disposition of the Debtors' assets, provide an injection of cash into the Debtors' estates, and thereby provide an opportunity to satisfy any rent due and owing to E&H Realty. At the present time, however, the Trustee is uncertain whether any such transaction will materialize, and unclear on which of the Debtors' assets – including their rights under the Fairless Hills Lease – will be involved. And while the Trustee hopes that the Debtors' estates will be administratively solvent, the reality at this time is that until an agreement is reached on a path forward in these cases with the Debtors' secured lenders, and the Debtors' remaining assets are monetized, that remains unclear.

11. In light of this potential risk, the Trustee respectfully submits that deferring any payment to E&H Realty until such time as a determination is made as to the path forward for these chapter 7 cases and the extent and priority of all chapter 7 administrative expense claims against the Debtors' estates is necessary and appropriate. As recognized in *HQ Global Holdings*, the risk of administrative insolvency is a sufficient reason to "wait and see" with respect to payment of administrative expenses:

> In making this determination [of the timing of payment], one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among

4

> creditors and the need to prevent a race to a debtor's assets. . . .Thus, distributions prior to confirmation of a plan are usually disallowed when the estate may not be able to pay all administrative expenses in full.

*Id.* (emphasis added) (citations omitted). *See also In re Glob. Home Prod., LLC*, 2006 WL 3791955, at *3 (Bankr. D. Del. Dec. 21, 2006) (similar). "Thus, courts will not compel payment of administrative claims where there is a substantial risk of insolvency." *In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 616 (Bankr. D. Del. 2008), *abrogated on other grounds by In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 315 (Bankr. D. Del. 2009).

12.  The Trustee cannot prefer one administrative expense claimant over others. Therefore, the Trustee submits that, while E&H Realty may be entitled to an allowed claim, E&H Realty should only receive a distribution as and when other similarly-situated administrative claims receive a distribution.

13.  For all of these reasons, this Court should deny E&H Realty's request for an order requiring immediate payment of any administrative expenses. The Trustee is hopeful that he will be able to reach an agreement on a value-maximizing path forward for these chapter 7 cases and simultaneously resolve the issues set forth in the Motion with E&H Realty. However, the Trustee files this Objection to the Motion out of an abundance of caution.

*[Remainder of page intentionally blank]*

5

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court deny, or defer consideration of, the Motion, and grant such other and further relief as is just and proper.

Dated: March 29, 2024
Wilmington, Delaware

Respectfully submitted,

**BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP**

 /s/ *Jennifer R. Hoover*
Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
Steven L. Walsh (No. 6499)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: 302-442-7010
Fax: 302-442-7012
Email: jhoover@beneschlaw.com
         kcapuzzi@beneschlaw.com
         swalsh@beneschlaw.com

*Counsel to Chapter 7 Trustee George L. Miller*

**CERTIFICATE OF SERVICE**

I, Jennifer R. Hoover, Esq., hereby certify that the foregoing *Chapter 7 Trustee's Objection to Motion by E&H Realty for Immediate Payment of Lease Obligations Pursuant to 11 U.S.C. § 365(d)(3)(A) and to Fix the Time for Trustee to Assume or Reject Lease of 250 Canal Road, Fairless Hills, Pennsylvania* was served on March 29, 2024 via CM/ECF on all parties registered to receive notice in this case, and upon the following counsel of record by email:

**CROSS & SIMON, LLC**
Kevin S. Mann
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
kmann@crosslaw.com

*Counsel for E&H Realty*

                                              */s/ Jennifer R. Hoover*
                                              Jennifer R. Hoover (No. 5111)