**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KDC Agribusiness LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10786 (CTG)<br><br>(Jointly Administered)<br><br>**RE: D.I. 741**<br><br>**Obj. Deadline: Sept. 8, 2026 at 4:00 p.m.** |
| George L. Miller, not individually, but as Chapter 7 Trustee of KDC Agribusiness LLC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>IMS Consulting & Expert Services, LLC,<br><br>Defendant. | Adv. Proc. No. 25-50923 (CTG) |

**TRUSTEE'S NOTICE OF SETTLEMENT OF**
**AVOIDANCE ACTION PURSUANT TO SETTLEMENT PROCEDURES ORDER**

George L. Miller, not individually, but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the above-captioned debtors (the "Debtors"), by and through undersigned counsel, hereby files this *Trustee's Notice of Settlement of Avoidance Action Pursuant to Settlement Procedures Order* (the "Notice") pursuant to the *Order Approving Procedures Regarding Settlement of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b)* (the "Settlement Procedures Order") [D.I. 741] entered on May 28, 2025, and respectfully states as follows:

1 Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax dentification number, are: KDC Agribusiness LLC (2280), Do Good Chicken LLC (1523), Do Good Foods Facility Management LLC (3974), Do Good Foods Fort Wayne LLC (6909), Do Good Foods LLC (9976), Do Good Foods Managed Services LLC (4214), Do Goods Foods Selma LLC (3776) and KDC Agribusiness Fairless Hills LLC (8680).

1. Commencing on May 12, 2025, Trustee filed this adversary proceeding (the "Adversary Proceeding") against defendant IMS Consulting & Expert Services, LLC (the "Defendant") for the avoidance and recovery of certain transfers (the "Transfers") pursuant to sections 547, 548, 549 and 550 of Title 11 of the United States Code.

2. Defendant, prior to the filing of the Adversary Proceeding, had asserted an administrative claim against the Debtors' estates in the amount of $41,733.75 (the "Administrative Claim").

3. The Trustee has negotiated settlement of the Adversary Proceeding with Defendant. The Transfers at issue in this Adversary Proceeding total $75,136.44. The proposed terms of settlement of the Adversary Proceeding (the "Proposed Settlement") are, in exchange for a release of all claims against Defendant by the Trustee: (i) a cash payment by Defendant to the Trustee in the amount of $50,000.00 (the "Cash Payment"); and (ii) the reduction in value of the Administrative Claim by $8,346.75, to a new asserted value of $33,387.00.

4. The amount in controversy in the Adversary Proceeding is greater than or equal to $50,000.00, but less than $250,000.00. Pursuant to the Settlement Procedures Order, the Adversary Proceeding is therefore subject to notice requirements. Under the Settlement Procedures Order, the Trustee shall file this Notice, subject to a seven-day objection period. Pursuant to the Settlement Procedures Order, the notice of electronic filing issued through the Court's Electronic Filing System shall constitute adequate and sufficient service of the Notice.

5. The Trustee's bases for the Proposed Settlement are that: (i) the Cash Payment represents a payment to the Debtors' estates of approximately two-thirds of the total value of the Transfers; (ii) the Proposed Settlement provides for a reduction of the asserted value of the Administrative Claim by twenty percent (20%); (iii) Defendant may have been entitled to assert

part or all of the Administrative Claim as setoff or recoupment against any recovery by the Trustee in a decision in the Adversary Proceeding on the merits; and (iv) based on the Trustee's analysis of available documents and records, Defendant had partial defenses that it may have asserted under the ordinary-course and new-value exceptions of 11 U.S.C. § 547.

6. The Trustee believes, based on his business judgment, that the Proposed Settlements are in the best interest of the Debtors' estates, considering the efficacy of the defenses raised by the Defendant. Additionally, given the known cost of further pursuing the matter, the Trustee has determined that the net result to the Debtors' estates would be greater through the Proposed Settlements than through further litigation.

7. A proposed order approving this Notice is attached hereto as **Exhibit A**.

8. Notice of the Proposed Settlement has been provided as required in the Settlement Procedures Order.

9. Absent any objections on or before September 8, 2026, the Proposed Settlement shall be deemed approved.

Dated: September 1, 2026

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

By: */s/ Kevin M. Capuzzi*
Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
Jared C. Hoffman (No. 7483)
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Email: jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com
jhoffman@beneschlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee of KDC Agribusiness LLC, et al.*